NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MADELEINE BARLOW, | No. 21-35397 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05186-BHS |
| v. | |
| STATE OF WASHINGTON, DBA Washington State University, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 12, 2022
Submission Vacated June 23, 2022
Resubmitted March 26, 2024
Seattle, Washington

Before: BOGGS,** HURWITZ, and SUNG, Circuit Judges.

The district court granted summary judgment in favor of the defendant State

of Washington, d/b/a Washington State University (University), on Madeleine

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Barlow's Title IX and state-law negligence claims. We previously affirmed the summary judgment on the Title IX claim. *Barlow v. Washington*, No. 21-25297, 2022 WL 2256318 (9th Cir. June 23, 2022). We certified to the Washington State Supreme Court the dispositive questions of state law, relating to whether the University owed Barlow a duty in negligence under the circumstances of this case. *Barlow v. Washington*, 38 F.4th 62, 67 (9th Cir. 2022). The Washington Supreme Court accepted our certification request, and rendered an opinion on the certified questions on January 4, 2024. *Barlow v. Washington*, 540 P.3d 783 (Wash. 2024), *reconsideration denied*, Order Denying Motion for Reconsideration, No. 101045-1 (Wash. Mar. 12, 2024). In light of that opinion, we affirm the grant of summary judgment on the remaining state-law negligence claim.

Under Washington law, the general rule is that people and businesses have no duty to protect others from third-party conduct subject to certain exceptions, "including when a special relationship exists between the actor and the perpetrator or between the actor and the plaintiff/victim." *Id.* In *Barlow*, the Washington Supreme Court held that state law "recognizes a special relationship between a university and its students, giving rise to a duty to use reasonable care to protect students from foreseeable injury at the hands of other students." *Id.* at 785. "The duty exists where a student is on campus, similar to a business invitee, or involved in university sponsored activities." *Id.* Here, it is undisputed that the third-party

conduct that harmed Barlow occurred off-campus and outside of a university-sponsored activity. Therefore, the University did not owe Barlow a duty to protect her from that third-party conduct, and it is entitled to summary judgment on the state-law negligence claim.

**AFFIRMED.**